IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 01-10621
Conference Calendar
_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

MAYRA ELISA CASTILLO-OROPEZA,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Northern District of Texas
USDC No. 6:01-CR-2-ALL
--------------------
October 29, 2001

Before WIENER, BENAVIDES, and DENNIS, Circuit Judges.

PER CURIAM:[*]

Mayra Elisa Castillo-Oropeza appeals the 71-month term of imprisonment imposed following her guilty plea conviction of being found in the United States after deportation in violation of 8 U.S.C. § 1326. Castillo-Oropeza contends that 8 U.S.C. § 1326(a) and 8 U.S.C. § 1326(b)(2) define separate offenses. She argues that the aggravated felony conviction that resulted in her increased sentence was an element of the offense under 8 U.S.C. § 1326(b)(2) that should have been alleged in her indictment. Castillo-Oropeza notes that she pleaded guilty to an

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

indictment which recited only facts and elements supporting a charge of simple reentry under 8 U.S.C. § 1326(a), and argues that her sentence exceeds the two-year maximum term of imprisonment which may be imposed for that offense. Castillo-Oropeza acknowledges that her argument is foreclosed by the Supreme Court's decision in <u>Almendarez-Torres v. United States</u>, 523 U.S. 224 (1998), but seeks to preserve the issue for Supreme Court review in light of the decision in <u>Apprendi v. New Jersey</u>, 530 U.S. 466 (2000).

<u>Apprendi</u> did not overrule <u>Almendarez-Torres</u>. <u>See Apprendi</u>, 530 U.S. at 489-90; <u>United States v. Dabeit</u>, 231 F.3d 979, 984 (5th Cir. 2000), <u>cert. denied</u>, 121 S. Ct. 1214 (2001). Castillo-Oropeza's argument is foreclosed. The judgment of the district court is AFFIRMED.

In lieu of filing an appellee's brief, the Government has filed a motion to dismiss this appeal. The Government's motion to dismiss is DENIED. However, in light of our decision to affirm the district court's judgment, the Government need not file an appellee's brief.

AFFIRMED; MOTION TO DISMISS DENIED.